UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-md-2724 |
| THIS DOCUMENT RELATES TO:<br>*STATE ATTORNEYS GENERAL LITIGATION* | HON. CYNTHIA M. RUFE<br>Civil Action No.<br>17-3768 |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR JOINT MOTION TO DISMISS
<u>PLAINTIFFS' FEDERAL LAW CLAIMS FOR LACK OF STANDING</u>**

## INTRODUCTION

The Consolidated Amended Complaint (Dkt. 14, the "State CAC") filed by 47 States, the District of Columbia, and Puerto Rico (the "States") seeks numerous types of monetary and non-monetary relief under several theories of alleged harm. Among other things, the States purport to seek monetary relief in the form of disgorgement and unspecified forms of relief in the States' capacity as *parens patriae*. *See* State CAC ¶¶ 17, 22, Prayer for Relief ¶¶ C-E. The States do not have standing to do so under federal law.[1] Because "a plaintiff must demonstrate standing separately for each form of relief sought," *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000), the States' federal-law claims for disgorgement and for relief as *parens patriae* should be dismissed.

*First*, only plaintiffs who purchase a product directly from a defendant may pursue monetary relief under federal antitrust law. *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977). Since the States do not allege that they directly purchased generic drugs from any Defendant, they cannot recover monetary relief under federal law. Calling that monetary relief "disgorgement" rather than "damages" does not change this conclusion. Both types of monetary relief implicate the bright-line rule set out in *Illinois Brick*, and the States cannot sidestep that rule by re-labeling their damages demand as a form of "disgorgement." As one appellate court has recently held, "indirect purchasers cannot pursue disgorgement" under the federal antitrust laws, because to hold otherwise would sanction "an impermissible attempt to circumvent Supreme Court precedent." *In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1059 (8th Cir. 2018).

---

[1] The States also seek a wide range of relief under various state laws. Pursuant to PTO 61, this motion focuses only on pleading deficiencies in the States' claims arising under federal law, and Defendants expressly reserve the right to file a motion seeking dismissal of the state-law claims at the appropriate time.

*Second*, the States have not alleged sufficient facts to seek relief under federal antitrust law as *parens patriae* on behalf of their citizens, much less for supposed harms to their "general econom[ies]." *Hawaii v. Standard Oil. Co. of Cal.*, 405 U.S. 251 (1972). As the Supreme Court has explained, "to hold that Congress authorized the State to recover damages for injury to its general economy . . . would open the door to duplicative recoveries." *Id.* at 263–64. The States' broad complaint appears to attempt just that. *See* State CAC ¶ 467. Indeed, under the guise of *parens patriae* claims, the States seek largely the same relief for similar alleged conduct currently at issue in many private actions throughout this multidistrict litigation. But the mere assertion of *parens patriae* authority is not enough to plausibly allege standing on behalf of state citizens or the entire state-wide economy.

The States lack standing to pursue their federal antitrust claims for disgorgement or for relief on behalf of consumers or state economies. Those claims should therefore be dismissed.

## BACKGROUND

The States assert 18 counts under Section 1 of the Sherman Act and a single count under various state antitrust and consumer-protection laws, all based on allegations related to 15 different generic drugs. The States do not allege that they purchased any of these drugs directly from the Defendants.

The States present their requests for relief under federal and state law in both a standalone prayer for relief at the conclusion of the State CAC and throughout the complaint's factual allegations. Although the source of law and the type of relief sought are not always clear, the States appear to pursue relief in various capacities:

- As enforcement authorities, State CAC ¶ 22, Prayer for Relief ¶ F;
- As apparent indirect purchasers of generic drugs, State CAC ¶ 22; and

- As *parens patriae* for consumers who have allegedly suffered harm and on behalf of the States' "general economies," State CAC ¶¶ 17, 22, 467.

In these various capacities, the States appear to seek different forms of particular relief under federal and/or state law:

- Damages for purchases made by state entities, State CAC ¶ 17, Prayer for Relief ¶ E;

- Damages on behalf of the consumers in the various States, State CAC ¶¶ 17, 22;

- Civil penalties, State CAC ¶ 17, Prayer for Relief ¶ F;

- Injunctive relief, State CAC ¶ 17, Prayer for Relief ¶ C; and

- Other forms of monetary relief, including disgorgement and costs, State CAC ¶ 17, Prayer for Relief ¶¶ D, G.

This motion addresses only the States' standing to seek monetary relief, including disgorgement, under federal antitrust law and the States' standing to seek any form of relief under federal antitrust law acting as *parens patriae* on behalf of consumers or the States' "general economies."  This motion does not address claims or particular requests for relief under the various state laws.

## ARGUMENT

The States' federal antitrust claims for disgorgement and relief on behalf of consumers and state economies both fail.  *First*, *Illinois Brick* precludes the States' indirect-purchaser claims for any monetary relief under federal law, including disgorgement.  *Second*, the States are precluded from seeking federal relief on behalf of their "general economies," and they fail to plead facts showing that they have standing to sue on behalf of their citizens.

I.       **The States Cannot Obtain Monetary Relief Under Federal Law.**

The States cannot obtain monetary relief under federal antitrust law, either through damages or disgorgement. The right of action for past damages suffered as a result of a violation of federal antitrust law is set out in Section 4 of the Clayton Act, which provides that "any person who shall be injured in his business or property by reason of anything forbidden by the antitrust laws may sue . . . and recover threefold the damages by him sustained . . . ." 15 U.S.C. § 15(a). That is the only retrospective damages recovery permitted by the statute. Forward-looking injunctive relief is authorized by a wholly separate provision—the only federal cause of action that the States reference here, State CAC ¶ 18—which does not provide for retrospective recovery. *See* 15 U.S.C. § 26 (providing only for "injunctive relief . . . against *threatened* loss or damage" (emphasis added)).[2] The States' claim for monetary relief is therefore improper under the cause of action they reference in the State CAC. *In re Multidistrict Vehicle Air Pollution*, 538 F.2d 231, 234 (9th Cir. 1976) ("Recovery for past losses [*e.g.*, disgorgement] is properly covered under [Section] 4 [of the Clayton Act, 15 U.S.C. § 15]; it comes under the head of 'damages.' . . . [Section] 16 [of the Clayton Act, 15 U.S.C. § 26] does not allow the claimed relief for past loss." (citation omitted)).

In addition, it is well-established that a plaintiff who does not purchase directly from a defendant cannot recover monetary damages under the Clayton Act. *See Illinois Brick*, 431 U.S. at 728–29; *see also Wallach v. Eaton Corp.*, 837 F.3d 356, 365 (3d Cir. 2016) ("[O]nly entities that purchase goods directly from alleged antitrust violators have statutory standing to bring a lawsuit for damages."). As this Court recently recognized with respect to state-law claims asserted by EPPs and IRPs, indirect purchasers "bring state law claims because they are

---

[2]    The States do not appear to assert 15 U.S.C. § 15 (private cause of action for damages) or 15 U.S.C. § 15c (private cause of action for damages as *parens patriae*) as causes of action.

precluded from asserting federal antitrust claims for damages under the Supreme Court's decision in *Illinois Brick Co. v. Illinois*, which 'determined that direct purchasers are the only parties injured in a manner that permits them to recover damages.'" *See* Opinion, *In re: Generic Pharm. Pricing Antitrust Litig.*, MDL No. 2724, Dkt. 857 at 2–3 (quoting *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 424 F.3d 363, 366 n.2 (3d Cir. 2005)); *see generally Illinois Brick*, 431 U.S. at 730 (allowing indirect purchasers standing to sue for passed-on overcharges would create a "serious risk of multiple liability for defendants"); *Hanover Shoe, Inc. v. United Shoe Mach. Corp.*, 392 U.S. 481 (1968) (declining to recognize a pass-on defense).

The same is true for the States. The States do not allege that they are direct purchasers of the generic drugs at issue and apparently seek "damages" only under various state laws for overcharges that unidentified State entities allegedly paid as indirect purchasers of those drugs. *See* State CAC Prayer for Relief ¶ E ("Award to the Plaintiff States damages, including treble damages, to the extent sought pursuant to applicable state laws as enumerated in Count Nineteen of this Consolidated Amended Complaint").

Nevertheless, the States attempt to make an end-run around *Illinois Brick*'s bright-line rule by calling their request for retrospective recovery "disgorgement" under federal antitrust law. *See* State CAC Prayer for Relief ¶ D ("Award to Plaintiff States disgorgement of the Defendants' ill-gotten gains . . . to redress Defendants' violations of federal law or state antitrust and consumer protection laws to restore competition"). Recognizing that the recovery of disgorgement for indirect purchasers would be directly contrary to *Illinois Brick*'s prohibition on indirect-purchaser recovery of monetary relief, courts have repeatedly dismissed such claims. *See In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d at 1059 ("[I]ndirect purchasers cannot pursue disgorgement, an impermissible attempt to circumvent Supreme Court

precedent."); *FTC v. Mylan Labs., Inc.*, 62 F. Supp. 2d 25, 41–42 (D.D.C. 1999) (dismissing indirect-purchaser disgorgement claims based on *Illinois Brick*), *modified on other grounds*, 99 F. Supp. 2d 1 (D.D.C. 1999); *In re Cathode Ray Tube ("CRT") Antitrust Litig.*, No. C-07-5944 JST, 2016 WL 3648478, at *13 (N.D. Cal. July 7, 2016), *remanded on other grounds sub nom. Indirect Purchaser Plaintiffs v. Finn*, No. 16-16368, 2019 WL 638113 (9th Cir. Feb. 13, 2019) (indirect-purchaser disgorgement "would create an exception to *Illinois Brick* that would swallow the rule, allowing indirect purchasers to routinely recover damages in future antitrust cases"). The same rationale applies to the States' claims here. Simply put, the States should not be allowed to "circumvent" *Illinois Brick* by seeking monetary relief couched as "disgorgement." *See Mylan Labs.*, 62 F. Supp. 2d at 41.[3]

The States' federal antitrust claims for monetary relief, including disgorgement, should therefore be dismissed.

## II. The States Lack *Parens Patriae* Standing To Sue For Allegedly Economy-Wide Harms Or On Behalf Of Their Citizens.

To the extent the States seek relief for purported injuries to their "general economies," *see* State CAC ¶ 467, they lack statutory standing to do so. In *Standard Oil*, the Supreme Court

---

[3] This Court's recent opinion denying the Group 1 Defendants' motions to dismiss certain state-law claims for unjust enrichment under *Illinois Brick* is not to the contrary. The Group 1 complaints pleaded state-law causes of action for unjust enrichment. As this Court explained, under Fed. R. Civ. P. 8(d)(2), a plaintiff may assert causes of action in the alternative, MDL No. 2724, Dkt. 857 at 43-45, so *Illinois Brick* did not require dismissal of the unjust-enrichment claims "at this time," *id.* at 44, foreseeing that the issue would be revisited once the parties had developed a more complete factual record in discovery. By contrast here, the States seek disgorgement as a remedy; they do not plead it as a cause of action. Nor could they. There are no facts that need to be developed that would change the legal rule—the Clayton Act permits only one form of retrospective damages recovery, and the States, as indirect purchasers, are barred from seeking to recover it. That the Court deferred ruling on whether indirect-purchaser unjust-enrichment claims are incompatible with *Illinois Brick* under various state laws has no impact on the viability of a disgorgement remedy as a form of relief for a federal antitrust claim. Whether *Illinois Brick* prohibits monetary relief under federal law is a question squarely presented for resolution at the pleading stage.

7

held that States cannot sue under the federal antitrust laws to recover "for the estimated damage to their respective economies." 405 U.S. at 262. Congress "could have . . . required violators to compensate federal, state, and local governments for the estimated damage to their respective economies caused by the violations. But, this remedy was not selected." *Id*. Moreover, measuring injuries to a State's "general economy" is "a task extremely difficult[ ] in the real economic world rather than an economist's hypothetical model." *Id*. at 262 n.14 (quotation marks omitted). The *Standard Oil* Court also recognized that allowing States to pursue such a sweeping form of relief would raise significant ascertainability and double-recovery concerns. *See id.* at 264 ("Even the most lengthy and expensive trial could not in the final analysis, cope with the problems of double recovery inherent in allowing damages for harm both to the economic interests of individuals and for the quasi-sovereign interests of the State.").

The States similarly lack standing under Article III of the U.S. Constitution to assert claims in a *parens patriae* capacity on behalf of their citizens.[4] As the Third Circuit has made clear, "[t]he doctrine of *parens patriae* can only be used in certain well-defined cases." *Broselow v. Fisher*, 319 F.3d 605, 609 (3d Cir. 2003). A State may sue as *parens patriae* when "it can show that it has a 'quasi-sovereign interest.'" *Id.* "To do so, the State must articulate 'an interest apart from the interests of particular private parties' that affects a 'sufficiently substantial' segment of its residents." *Id.* (quoting *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel., Barez*, 458 U.S. 592, 607-08 (1982)). The States fail to satisfy this specific and exacting

---

[4] As noted above, the States do not appear to proceed under the specific federal *parens patriae* statute, 15 U.S.C. § 15c. In any event, they do not have standing under that provision, or any other provision, to recover monetary relief on behalf of indirect-purchaser consumers, who themselves do not have standing to sue. *Kansas v. UtiliCorp United, Inc.*, 497 U.S. 199, 218–19 (1990); *see also Com. of Pa. v. Milk Indus. Mgmt. Corp.*, 812 F. Supp. 500, 507 (E.D. Pa. 1992) ("It has further been held that the plaintiff must have suffered a direct injury in order to have standing to sue. . . . That this rationale applies with equal force to *parens patriae* actions is similarly well-settled.").

standard. *See* State CAC ¶ 17 ("The Plaintiff States seek . . . damages on behalf of various state and governmental entities and consumers in various Plaintiff States.").

First, the States have not alleged an injury apart from the interests of particular private parties. "In order to maintain [a *parens patriae*] action, . . . the State must be more than a nominal party." *Snapp*, 458 U.S. at 607. The State CAC, however, seeks relief on behalf of "particular private parties": individual consumers who purchased, or were reimbursed for purchases of, particular, identified products. *See id*. The States have not alleged a plausible quasi-sovereign interest and do not have standing to assert the private antitrust claims of generic drug consumers. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 652–53 (9th Cir. 2017) (no *parens patriae* standing to sue when the only harm alleged was "harm to the egg farmers"). Allegations about injuries from overcharges that consumers allegedly paid, or injuries that state agencies allegedly suffered, are not enough to plausibly allege the quasi-sovereign interest required for *parens patriae* standing.

Likewise, *parens patriae* standing exists only when "individual consumers cannot be expected to litigate" the claims a state purports to assert on their behalf. *Maryland v. Louisiana*, 451 U.S. 725, 739 (1981); *Koster*, 847 F.3d at 652 (applying this requirement). As the complaints brought in this multidistrict litigation show, a significant number of purchasers with standing to assert claims against these Defendants for conduct alleged in the State CAC can seek relief, and in fact, are already doing so.[5] Indeed, Direct Purchaser Plaintiffs, End-Payer

---

[5] *Compare with, e.g.*, *New York ex rel., Abrams v. 11 Cornwell Co.*, 695 F.2d 34, 39–40 (2d Cir. 1982) (allowing *parens patriae* action on behalf of intellectually disabled citizens because it was "highly unlikely that they would be accorded standing in federal court" to challenge exclusionary housing practices had they tried to bring their own action and concluding that *parens patriae* action implicated the state's quasi-sovereign interests in the "health and well-being . . . of its residents in general" (quotation marks omitted)), *vacated in part on other grounds*, 718 F.2d 22 (2d Cir. 1983) (en banc).

Plaintiffs, and Indirect-Reseller Plaintiffs have all asserted claims for the same conduct alleged by the States. The States cannot seek duplicative recovery on behalf of these same purchasers.

Second, the States do not allege that a "sufficiently substantial segment" of their populations have suffered an injury. Although there are no "definitive limits on the proportion of the population of the State that must be adversely affected," *Snapp*, 458 U.S. at 607, the State CAC fails to allege *any* facts about the number or proportion of individuals in each State who allegedly suffered harm. As a result, the States lack *parens patriae* standing.

Because the States lack the requisite standing to sue as *parens patriae*, their claims for relief on behalf of their "general economies" and consumers should be dismissed.

## CONCLUSION

The States lack standing to sue under federal antitrust law for monetary relief, including disgorgement, and relief on behalf of their "general economies" and consumers. Those claims should be dismissed for lack of standing as specified in the Motion to Dismiss and Proposed Order.

Dated: February 21, 2019

Respectfully submitted,

| | |
|---|---|
| */s/ Benjamin F. Holt* | /s/ *Sheron Korpus* |
| Adam K. Levin | Sheron Korpus |
| Benjamin F. Holt | Seth A. Moskowitz |
| Justin W. Bernick | KASOWITZ BENSON TORRES LLP |
| HOGAN LOVELLS US LLP | 1633 Broadway |
| 555 Thirteenth Street, NW | New York, New York 10019 |
| Washington, D.C. 20004 | Tel: (212) 506-1700 |
| Tel: (202) 637-5600 | Fax: (212) 506-1800 |
| Fax: (202) 637-5910 | skorpus@kasowitz.com |
| adam.levin@hoganlovells.com | smoskowitz@kasowitz.com |
| benjamin.holt@hoganlovells.com | |
| justin.bernick@hoganlovells.com | *Counsel for Actavis Pharma, Inc.,* |
| | *Actavis Holdco U.S., Inc.* |
| *Counsel for Defendant Mylan* | |
| *Pharmaceuticals, Inc.* | |

*/s/ James W. Matthews*
James W. Matthews
Katy E. Koski
John F. Nagle
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
Tel: (617) 342-4000
Fax: (617) 342-4001
jmatthews@foley.com
kkoski@foley.com
jnagle@foley.com

James T. McKeown
Elizabeth A. N. Haas
Kate E. Gehl
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
Tel: (414) 271-2400
Fax: (414) 297-4900
jmckeown@foley.com
ehaas@foley.com
kgehl@foley.com

Terry M. Henry
Melanie S. Carter
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
Tel: (215) 569-5644
Fax: (215) 832-5644
THenry@blankrome.com
MCarter@blankrome.com

*Counsel for Defendant Apotex Corp.*

*/s/ W. Gordon Dobie*
W. Gordon Dobie
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
WDobie@winston.com

*/s/* Irving Wiesen
Irving Wiesen
LAW OFFICES OF IRVING L. WIESEN, P.C.
420 Lexington Avenue - Suite 2400
New York, NY 10170
Tel: (212) 381-8774
Fax: (646) 536-3185
iwiesen@wiesenlaw.com

*Counsel for Defendant Ascend Laboratories, LLC*

/s/  Wayne A. Mack
Wayne A. Mack
Sean P. McConnell
Sarah O'Laughlin Kulik
DUANE MORRIS LLP
30 S. 17th Street
Philadelphia, PA 19103
Tel: (215) 979-1152
wamack@duanemorris.com
spmcconnell@duanemorris.com
sckulik@duanemorris.com

*Counsel for Defendant*
  *Aurobindo Pharma USA, Inc.*

/s/ Jason R. Parish
Jason R. Parish
Bradley J. Kitlowski
BUCHANAN INGERSOLL & ROONEY PC
1700 K Street, NW
Washington, D.C. 20006
Tel:  (202) 452-7900
Fax:  (202) 452-7989

*Counsel for Defendant Zydus Pharmaceuticals*
  *(USA), Inc.*

/s/ Steven E. Bizar
Steven E. Bizar
John P. McClam
Tiffany E. Engsell
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
Tel:  (215) 994-4000
steven.bizar@dechert.com
john.mcclaim@dechert.com
tiffany.engsell@dechert.com

*Counsel for Defendant Citron Pharma LLC*

/s/ Roger Kaplan
Roger Kaplan
Aaron Van Nostrand
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Tel:  (973) 360-7900
Fax: (973) 295-1257
kaplanr@gtlaw.com
vannostranda@gtlaw.com

*Counsel for Defendant*
  *Dr. Reddy's Laboratories, Inc.*

*/s/ J. Gordon Cooney, Jr.*
J. Gordon Cooney, Jr.
John J. Pease, III
Alison Tanchyk
William T. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
Fax: (215) 963-5001
jgcooney@morganlewis.com
john.pease@morganlewis.com
alison.tanchyk@morganlewis.com
william.mcenroe@morganlewis.com

Amanda B. Robinson
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel: (202) 739-3000
Fax: (202) 739-3001
amanda.robinson@morganlewis.com

*/s/ Jan P. Levine*
Jan P. Levine
Robin P. Sumner
Michael J. Hartman
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
Tel:  (215) 981-4000
Fax:  (215) 981-4750
levinej@pepperlaw.com
sumnerr@pepperlaw.com
hartmanm@pepperlaw.com

*Counsel for Defendant*
  *Teva Pharmaceuticals USA, Inc.*

*/s/ Saul P. Morgenstern*
Saul P. Morgenstern
Margaret A. Rogers
Alice C.C. Huling
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019
Tel: (212) 836-8000
Fax: (212) 836-8689
saul.morgenstern@apks.com
margaret.rogers@apks.com
alice.huling@apks.com

Laura S. Shores
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel: (202) 942-5000
Fax: (202) 942-5999
laura.shores@apks.com

Abby L. Sacunas (200081)
Peter M. Ryan (81816)
COZEN O'CONNOR
1650 Market Street
Philadelphia, PA  19103
(215) 665-4785
(215) 701 2472 (fax)
asacunas@cozen.com
pryan@cozen.com

*Counsel for Defendant Sandoz Inc.*

*/s/  Steven A. Reed*
Steven A. Reed
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
Tel: (215) 963-5603
Fax:  (215) 963-5001
steven.reed@morganlewis.com

*Counsel for Defendant*
  *Glenmark Pharmaceuticals Inc., USA*

*/s/ D. Jarrett Arp*
D. Jarrett Arp
Melanie L. Katsur
Christopher B. Leach
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., NW
Washington, D.C. 20036-5306
Tel: (202) 955-8678
Fax:  (202) 530-9527
jarp@gibsondunn.com
mkatsur@gibsondunn.com
cleach@gibsondunn.com

Eric J. Stock
Indraneel Sur
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel:  (212) 351-2474
Fax:  (212) 716-0875
estock@gibsondunn.com
isur@gibsondunn.com

*Counsel for Defendant Heritage*
   *Pharmaceuticals Inc.*

*/s/ John E. Schmidtlein*
John E. Schmidtlein
Sarah F. Teich
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
jschmidtlein@wc.com
steich@wc.com

*Counsel for Defendant*
  *Par Pharmaceutical Companies, Inc.*

*/s/ Gerald E. Arth*
Gerald E. Arth
Ryan T. Becker
Evan R. Luce
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Tel: (215) 299-2000
Fax: (215) 299-2150
garth@foxrothschild.com
rbecker@foxrothschild.com
eluce@foxrothschild.com

George G. Gordon
Stephen D. Brown
Julia Chapman
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-2000
Fax: (215) 994-2222
george.gordon@dechert.com
stephen.brown@dechert.com
julia.chapman@dechert.com

*Counsel for Defendant*
  *Lannett Company, Inc.*

| | |
|---|---|
| /s/ J. Douglas Baldridge | /s/ Robert J. Cleary |
| J. Douglas Baldridge | Robert J. Cleary |
| Lisa Jose Fales | Dietrich L. Snell |
| Danielle R. Foley | David A. Munkittrick |
| VENABLE LLP | Edward Canter |
| 600 Massachusetts Avenue, NW | PROSKAUER ROSE LLP |
| Washington, D.C. 20001 | 11 Times Square |
| (202) 344-4000 | New York, NY 10036 |
| jbaldridge@venable.com | Tel: (212) 969-3000 |
| ljfales@venable.com | rjcleary@proskauer.com |
| drfoley@venable.com | dsnell@proskauer.com |
| | dmunkittrick@proskauer.com |
| Thomas J. Welling, Jr. | ecanter@proskauer.com |
| Benjamin P. Argyle | |
| VENABLE LLP | *Counsel for Defendant Rajiv Malik* |
| 1270 Avenue of the Americas | |
| 24th Floor | |
| New York, New York 10020 | |
| (212) 307-5500 | |
| tjwelling@venable.com | |
| bpargyle@venable.com | |

*Counsel for Defendant Sun Pharmaceutical Industries, Inc.*

/s/ Michael Martinez
Michael Martinez
Steven Kowal
Lauren Norris Donahue
Brian J. Smith
K&L GATES LLP
70 W. Madison St., Suite 3100
Chicago, IL 60602
Tel: (312) 372-1121
Fax: (312) 827-8000
michael.martinez@klgates.com
steven.kowal@klgates.com
lauren.donahue@klgates.com
brian.j.smith@klgates.com

*Counsel for Defendant Mayne Pharma Inc.*

**CERTIFICATE OF SERVICE**

 I hereby certify on this 21st day of February 2019, a true and correct copy of the foregoing was filed electronically and is available for viewing and downloading from the Court's ECF System. Notice of this filing will be sent to all counsel of record by operation of the ECF System.

                /s/  Benjamin F. Holt

                Benjamin F. Holt