**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-md-2724 |
| THIS DOCUMENT RELATES TO:<br>*STATE ATTORNEYS GENERAL LITIGATION* | HON. CYNTHIA M. RUFE<br>Civil Action No.<br>17-3768 |

**DEFENDANTS' REPLY**
**IN SUPPORT OF THEIR JOINT MOTION TO DISMISS**
**PLAINTIFFS' FEDERAL-LAW CLAIMS FOR LACK OF STANDING**

## INTRODUCTION

The States assert expansive monetary claims under Section 16 of the Clayton Act, 15 U.S.C. § 26, a statute that provides only for "injunctive relief" against future loss or damage. The States portray the relief they seek as "wholly appropriate," State Opp. to Defs.' Joint Mot. to Dismiss, Dkt. 121 ("State Opp."), at 1, but it has no basis in the text of the statute they invoke, and the States otherwise fail to satisfy the pleading requirements under federal law.

For three reasons, the States lack standing to pursue federal-law monetary claims. *First*, the States do not have standing for their disgorgement claims. Section 16 of the Clayton Act allows for "injunctive relief," not disgorgement. *Illinois Brick* also bars the States, as indirect purchasers of generic drugs, from recovering a monetary remedy under the guise of equitable disgorgement. *Second*, as the Supreme Court has long held, the States have no basis to pursue damages on behalf of their "general economies." And *third*, the States do not have standing to pursue claims as *parens patriae*. The States have not plausibly alleged a quasi-sovereign interest. Nor have they plausibly alleged that a sufficiently substantial segment of their populations has been injured or that any injured consumers cannot assert such claims themselves.

The States' federal-law claims for disgorgement, for relief on behalf of their "general economies," and for claims as *parens patriae* should be dismissed.

## ARGUMENT

### I. The States Cannot Obtain Monetary Relief Under Federal Law.

#### A. Section 16 Of The Clayton Act Does Not Provide for a Disgorgement Remedy.

The States seek disgorgement under Section 16 of the Clayton Act, which provides for "*injunctive relief* . . . against *threatened* loss or damage by a violation of the antitrust laws . . . when and under the same conditions and principles as injunctive relief against threatened

conduct that will cause loss or damage is granted by courts of equity . . . ." 15 U.S.C. § 26 (emphasis added). The States contend that Section 16 broadly authorizes "equitable remedies," State Opp. at 2, 4-6, but that is not what the statute says. Section 16 limits the available remedy to injunctive relief. An injunction is "[a] court order commanding or preventing an action." *Black's Law Dictionary* (10th ed. 2014). Because an injunction is an inherently forward-looking remedy, Section 16 applies to prevent only "*threatened*"—that is, future—"loss or damage." Compensation for backward-looking harm, by contrast, falls under a different provision of the Clayton Act, 15 U.S.C. § 15, allowing "any person who shall be *injured*" to sue. Yet the States invoke Section 16 as the sole basis for their disgorgement demand.

The States contend that disgorgement is a "well-established traditional equitable remedy." State Opp. at 5. No one disputes this. The relevant question is whether disgorgement is "injunctive relief" against "threatened" damage, as Section 16 requires. It is not. Disgorgement is a form of restitution for past misconduct "measured by the defendant's wrongful gain." Restatement (Third) of Restitution and Unjust Enrichment § 51 cmt. a (Am. Law Inst. 2019). Injunctive relief does not encompass a court order to pay such a money judgment. Otherwise, "a statutory limitation to injunctive relief would be meaningless, since any claim for legal relief can, with lawyerly inventiveness, be phrased in terms of an injunction." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 211 n.1 (2002) (interpreting provision of ERISA, 29 U.S.C. § 1132(a)(3)(A), under which a party may seek to "enjoin any act or practice" violating a plan's terms); *accord FTC v. AMG Capital Mgmt., LLC*, 910 F.3d 417, 430 (9th Cir. 2018) (O'Scannlain, J., concurring) (arguing that provision of FTC Act, 15 U.S.C. § 53(b), under which the FTC may move "to enjoin any act or practice" and seek "a permanent injunction" does not encompass a disgorgement remedy). As the Supreme Court has held under

the federal securities laws, disgorgement works to "punish" and "operates as a penalty." *Kokesh v. SEC*, 137 S. Ct. 1635, 1645 (2017) (SEC disgorgement is a "penalty" under 28 U.S.C. § 2462). "When an individual is made to pay a noncompensatory sanction to the Government as a consequence of a legal violation, the payment operates as a penalty." *Id.* at 1644 (citing *Porter v. Warner Holding Co.*, 328 U.S. 395, 402 (1946)). Disgorgement does not enjoin threatened conduct but, rather, is a monetary penalty punishing past conduct and is therefore unavailable under Section 16's plain terms.

Consider too that when Congress confers equitable powers beyond the authority to issue an injunction, it knows how to make that authorization explicit in the statutory text. For example, under the Commodity Exchange Act, a court may impose "equitable remedies," including "restitution" and "disgorgement," 7 U.S.C. § 13a-1(d)(3)(A)-(B), even though a court may also grant "a permanent or temporary injunction" under a related provision, *id.* § 13a-1(b). "Similar examples abound, as a brief glance through the Statutes at Large shows." *AMG Capital*, 910 F.3d at 431 (O'Scannlain, J., concurring) (collecting citations). Because Congress chose the specific term "injunctive relief," rather than the broader term "equitable remedies," the specific term controls. *Id.*

The cases the States cite do not support the availability of a disgorgement remedy under Section 16. The States rely, for example, on *California v. American Stores Co.*, 495 U.S. 271 (1990), but that case held that a State may seek divestiture, a remedy that has nothing to do with disgorgement or other forms of monetary relief and that the Court expressly recognized as a forward-looking bulwark against potential harm. *See id.* at 283 ("If we assume that the merger violated the antitrust laws, and if we agree with the District Court's finding that the conduct of the merged enterprise *threatens economic harm* to California consumers, the literal text of § 16 is

plainly sufficient to authorize injunctive relief, including an order of divestiture, that *will prohibit that conduct from causing that harm*." (emphasis added)). The other cases the States cite are similarly off point. The States invoke two Tunney Act cases in which the federal government sought disgorgement, *United States v. Morgan Stanley*, 881 F. Supp. 2d 563 (S.D.N.Y. 2012); *United States v. Keyspan Corp.*, 763 F. Supp. 2d 633 (S.D.N.Y. 2011), but those cases involve a statute different from the one at issue here, *see* 15 U.S.C. § 16(b). They neither cite nor analyze the text of 15 U.S.C. § 26, nor a State's ability to seek disgorgement under that provision. Nor does *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827, 2011 WL 2790179 (N.D. Cal. July 12, 2011), a case about Oregon state law. The States also rely on *FTC v. Cephalon, Inc.*, 100 F. Supp. 3d 433 (E.D. Pa. 2015), which reads the FTC Act to provide for a disgorgement remedy under a provision allowing the FTC to sue to "enjoin any such act or practice" violating the Act, 15 U.S.C. § 53(b). Although some have criticized this holding as inconsistent with the text of that statute, *AMG Capital*, 910 F.3d at 431 (O'Scannlain, J., concurring), accepting *Cephalon* on its own terms does not compel the conclusion that the Clayton Act authorizes disgorgement. The FTC Act has no damages provision, and so interpreting that Act to provide for equitable monetary relief is arguably consistent with the equitable authority the Act confers. The Clayton Act, by contrast, has a specific provision under which a plaintiff may sue for monetary relief to compensate for past harm, 15 U.S.C. § 15, a provision the States do not invoke.

Disgorgement is not "injunctive relief" for "threatened" harm under Section 16 of the Clayton Act. The States have no statutory basis to pursue a disgorgement remedy.

### B.    Under *Illinois Brick*, The States Cannot Obtain Monetary Relief, Including Disgorgement.

Even if Section 16 of the Clayton Act permitted the States to seek disgorgement, *Illinois Brick* is a separate and independent bar to the States' disgorgement claims. Under *Illinois Brick*, only plaintiffs who purchase a product directly from a defendant may pursue monetary relief under federal antitrust law. 431 U.S. at 746. The States do not dispute that they are indirect purchasers of the drugs at issue.[1] The analysis ends there. The U.S. Court of Appeals for the Eighth Circuit, the only appellate court to have squarely addressed the issue, has so held. *In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1059 (8th Cir. 2018) ("[I]ndirect purchasers cannot pursue disgorgement" under the federal antitrust laws because to hold otherwise would sanction "an impermissible attempt to circumvent Supreme Court precedent."). So too have other district courts. *FTC v. Mylan Labs., Inc.*, 62 F. Supp. 2d 25, 41-42 (D.D.C. 1999) (dismissing indirect-purchaser disgorgement claims based on *Illinois Brick*), *modified on other grounds*, 99 F. Supp. 2d 1 (D.D.C. 1999); *In re Cathode Ray Tube ("CRT") Antitrust Litig.*, No. C-07-5944 JST, 2016 WL 3648478, at *13 (N.D. Cal. July 7, 2016), *remanded on other grounds sub nom. Indirect Purchaser Plaintiffs v. Finn*, No. 16-16368, 2019 WL 638113 (9th Cir. Feb. 13, 2019).

The States have no answer for these cases. Instead, they insist that "broader relief is available to the government as plaintiff," State Opp. at 8, but they identify no principled basis on which to draw that distinction. States, just like private parties, are "persons" under both Section 4 and Section 16 the Clayton Act. *Hawaii v. Standard Oil Co.*, 405 U.S. 251, 261 (1972) (a State "plainly qualifies as a person" under these provisions).

---

[1]    Florida claims standing as a direct purchaser through an assignment, State Opp. at 1 n.1, but Florida's assignment claim is not plausibly alleged for the reasons set out in Defendants' Joint Motion to Dismiss Plaintiffs' State-Law Claims, Dkt. 157-1, at 8-9 n.23.

The States' repeated emphasis on the Supreme Court's decision in *Porter* is also misplaced. 328 U.S. 395. *Porter* holds that "[u]nless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied." *Id.* at 398. In *Illinois Brick*, the Supreme Court held that the Clayton Act bars monetary relief to remedy indirect-purchaser injuries. 431 U.S. at 746-47. This undisturbed precedent establishes an "inescapable inference" that the States, as indirect purchasers, cannot seek monetary relief. *See Porter*, 328 U.S. at 398.

An indirect-purchaser plaintiff cannot recover monetary damages under the Clayton Act. The States do not dispute that they are indirect purchasers. As a result, the federal antitrust claims for monetary relief, including disgorgement, should be dismissed.

## II. The States Do Not Have Standing To Pursue Damages For Alleged Harm To Their "General Economies."

In their Opposition, the States apparently do not dispute that they lack standing to pursue damages for alleged harm to their "general economies." Having failed to brief the issue, the States have now forfeited any argument about damages for economy-wide harms under federal law. And for good reason: Although the State CAC claims that "the general economies of the Plaintiff States have sustained injury," State CAC ¶ 467, binding Supreme Court precedent clearly holds that the States lack statutory standing to pursue damages for those injuries. *Hawaii*, 405 U.S. at 262-64.

To the extent that the States seek relief for purported injuries to their "general economies," such claims should be dismissed.

## III. The States Do Not Have Standing To Pursue Claims As *Parens Patriae*.

The States lack standing under federal law to assert claims as *parens patriae* on behalf of their citizens. *First*, the States do not dispute that they must "articulate 'an interest apart from

the interests of particular private parties' that affects a 'sufficiently substantial' segment of its residents." *Broselow v. Fisher*, 319 F.3d 605, 609 (3d Cir. 2003) (quoting *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel., Barez*, 458 U.S. 592, 607 (1982)). The States repeat their familiar refrain that Defendants' alleged anticompetitive conduct is analogous to a "noxious gas," and that the States are "wholly entitled" to assert claims "in the quest to eliminate that blight." State Opp. at 11. The harms the States allege here, unlike a "noxious gas," take place in discrete transactions with particular individuals who purchased, or were reimbursed for purchases of, particular products. *Georgia v. Pennsylvania Railroad Co.*, 324 U.S. 439 (1945), is the genesis of the States' preferred metaphor, but in that decision, the Court considered discriminatory railroad rates that "limit[ed] the opportunities of [the State's] people, shackle[d] [the State's] industries, retard[ed] [the State's] development, and relegate[d] [the States] to an inferior [] economic position among her sister States." *Id.* at 451. The discrete transaction-level harms the States allege here do not give them the type of "interest apart from that of particular individuals who may be affected" that the Court recognized in *Pennsylvania Railroad*. *Id.*

*Second*, the States recognize that they must allege an injury to a quasi-sovereign interest that affects a sufficiently substantial segment of the States' residents, *see* State Opp. at 10, yet they fail to locate any specific allegation in the State CAC, stating broadly that "more than a 'sufficiently substantial segment' of the States' residents use generic drugs," *id.* The State CAC, however, does not allege how many residents purchased the particular generic drugs at issue in this litigation. *See, e.g.*, State CAC at ¶ 16 ("consumers nationwide"); *id.* at ¶ 466 ("Plaintiff States and consumers"). Conclusory allegations of general "nationwide" harms are insufficient to carry the States' pleading burden.

*Third*, the States also claim a right to sue under *parens patriae* authority even though the consumers that they purport to represent already have brought claims against the same Defendants for substantially the same alleged conduct. The States claim that "[n]othing in the case law requires that individual consumers be unable to litigate a claim for the state to have *parens* standing." State Opp. at 10-11. But courts have said as much. Indeed, "courts have recognized that *parens patriae* standing is inappropriate where an aggrieved party could seek private relief." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 652 (9th Cir. 2017) (citing *N.Y. ex rel. Abrams v. 11 Cornwell Co.*, 695 F.2d 34, 40 (2d Cir. 1982); *Connecticut v. Physicians Health Servs. of Conn., Inc.*, 103 F. Supp. 2d 495, 504 (D. Conn. 2000)). As the Court is aware, many individuals have already sued for damages in this MDL. Because the States invoke *parens patriae* standing merely to re-litigate these private claims, the States' *parens* claims should be dismissed.

The States have not alleged (1) a proper quasi-sovereign interest, (2) that Defendants injured a sufficiently substantial segment of their populations, and (3) that consumers are incapable of bringing claims on their own behalf. Accordingly, the States do not have *parens patriae* standing.

## CONCLUSION

The States lack standing to sue under the federal antitrust laws for monetary relief, including disgorgement, or for relief on behalf of their "general economies" or consumers. Those claims should be dismissed for lack of standing as specified in the Motion to Dismiss and Proposed Order.

Dated: June 13, 2019

Respectfully submitted,

*/s/ Benjamin F. Holt*
Adam K. Levin
Benjamin F. Holt
Justin W. Bernick
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
Tel: (202) 637-5600
Fax: (202) 637-5910
adam.levin@hoganlovells.com
benjamin.holt@hoganlovells.com
justin.bernick@hoganlovells.com

*Counsel for Defendant Mylan Pharmaceuticals, Inc.*

/s/ *Sheron Korpus*
Sheron Korpus
Seth A. Moskowitz
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
Tel: (212) 506-1700
Fax: (212) 506-1800
skorpus@kasowitz.com
smoskowitz@kasowitz.com

*Counsel for Actavis Pharma, Inc., Actavis Holdco U.S., Inc.*

*/s/ James W. Matthews*
James W. Matthews
Katy E. Koski
John F. Nagle
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
Tel: (617) 342-4000
Fax: (617) 342-4001
jmatthews@foley.com
kkoski@foley.com
jnagle@foley.com

James T. McKeown
Elizabeth A. N. Haas
Kate E. Gehl
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
Tel: (414) 271-2400
Fax: (414) 297-4900
jmckeown@foley.com
ehaas@foley.com
kgehl@foley.com

Terry M. Henry
Melanie S. Carter
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
Tel: (215) 569-5644
Fax: (215) 832-5644
THenry@blankrome.com
MCarter@blankrome.com

*Counsel for Defendant Apotex Corp.*

*/s/ W. Gordon Dobie*
W. Gordon Dobie
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
WDobie@winston.com

*/s/ Irving Wiesen*
Irving Wiesen
LAW OFFICES OF IRVING L. WIESEN,
 P.C.
420 Lexington Avenue - Suite 2400
New York, NY 10170
Tel: (212) 381-8774
Fax: (646) 536-3185
iwiesen@wiesenlaw.com

*Counsel for Defendant Ascend Laboratories,
 LLC*

*/s/ Wayne A. Mack*
Wayne A. Mack
Sean P. McConnell
Sarah O'Laughlin Kulik
DUANE MORRIS LLP
30 S. 17th Street
Philadelphia, PA 19103
Tel: (215) 979-1152
wamack@duanemorris.com
spmcconnell@duanemorris.com
sckulik@duanemorris.com

*Counsel for Defendant Aurobindo Pharma USA, Inc.*

*/s/ Jason R. Parish*
Jason R. Parish
Bradley J. Kitlowski
BUCHANAN INGERSOLL & ROONEY PC
1700 K Street, NW
Washington, D.C. 20006
Tel: (202) 452-7900
Fax: (202) 452-7989

*Counsel for Defendant Zydus Pharmaceuticals (USA) Inc.*

*/s/ Steven E. Bizar*
Steven E. Bizar
John P. McClam
Tiffany E. Engsell
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-4000
steven.bizar@dechert.com
john.mcclaim@dechert.com
tiffany.engsell@dechert.com

*Counsel for Defendant Citron Pharma LLC*

*/s/ Roger Kaplan*
Roger Kaplan
Aaron Van Nostrand
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Tel: (973) 360-7900
Fax: (973) 295-1257
kaplanr@gtlaw.com
vannostranda@gtlaw.com

*Counsel for Defendant Dr. Reddy's Laboratories, Inc.*

*/s/ J. Gordon Cooney, Jr.*
J. Gordon Cooney, Jr.
John J. Pease, III
Alison Tanchyk
William T. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
Fax: (215) 963-5001
gordon.cooney@morganlewis.com
john.pease@morganlewis.com
alison.tanchyk@morganlewis.com
william.mcenroe@morganlewis.com

Amanda B. Robinson
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel: (202) 739-3000
Fax: (202) 739-3001
amanda.robinson@morganlewis.com

*/s/ Jan P. Levine*
Jan P. Levine
Robin P. Sumner
Michael J. Hartman
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000
Fax: (215) 981-4750
levinej@pepperlaw.com
sumnerr@pepperlaw.com
hartmanm@pepperlaw.com

*Counsel for Defendant Teva Pharmaceuticals USA, Inc.*

*/s/ Saul P. Morgenstern*
Saul P. Morgenstern
Margaret A. Rogers
Kathryn L. Rosenberg
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019
Tel: (212) 836-8000
Fax: (212) 836-8689
saul.morgenstern@arnoldporter.com
margaret.rogers@arnoldporter.com
kathryn.rosenberg@arnoldporter.com

Laura S. Shores
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel: (202) 942-5000
Fax: (202) 942-5999
laura.shores@arnoldporter.com

*Counsel for Defendant Sandoz Inc.*

*/s/ Steven A. Reed*
Steven A. Reed
R. Brendan Fee
Melina R. DiMattio
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
Fax: (215) 963-5001
steven.reed@morganlewis.com
brendan.fee@morganlewis.com
melina.dimattio@morganlewis.com

Andrew S. Wellin
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Tel: (212) 309-6154
Fax: (212) 309-6001
andrew.wellin@morganlewis.com

*Counsel for Defendant*
*Glenmark Pharmaceuticals Inc., USA*

*/s/ Edward B. Schwartz*
Edward B. Schwartz, Esq.
Jennifer M. Driscoll, Esq.
Andrew C. Bernasconi, Esq.
REED SMITH LLP
1301 K Street NW
Suite 1000-East Tower
Washington, DC 20005
Tel: (202) 414-9232
Fax: (202) 414-9299
eschwartz@reedsmith.com
jdriscoll@reedsmith.com
abernasconi@reedsmith.com

William J. Sheridan, Esq.
Courtney B. Averbach, Esq.
REED SMITH LLP
Reed Smith Centre
225 Fifth Ave.
Pittsburgh, PA 15222
Tel: (412) 288-3131
Fax: (412) 288-3063
wsheridan@reedsmith.com
caverbach@reedsmith.com

*Counsel for Defendant Heritage Pharmaceuticals Inc.*

*/s/ John E. Schmidtlein*
John E. Schmidtlein
Sarah F. Teich
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
jschmidtlein@wc.com
steich@wc.com

*Counsel for Defendant Par Pharmaceutical Companies, Inc.*

*/s/ Gerald E. Arth*
Gerald E. Arth
Ryan T. Becker
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Tel: (215) 299-2000
Fax: (215) 299-2150
garth@foxrothschild.com
rbecker@foxrothschild.com

George G. Gordon
Stephen D. Brown
Julia Chapman
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-2000
Fax: (215) 994-2222
george.gordon@dechert.com
stephen.brown@dechert.com
julia.chapman@dechert.com

*Counsel for Defendant Lannett Company, Inc.*

*/s/ John M. Taladay*

John M. Taladay
Erik T. Koons
Stacy L. Turner
Christopher P. Wilson
BAKER BOTTS LLP
1299 Pennsylvania Avenue NW
Washington, DC 20004-2400
Tel: (202) 639-7700
Fax: (202) 639-7890
john.taladay@bakerbotts.com
erik.koons@bakerbotts.com
stacy.turner@bakerbotts.com
christopher.wilson@bakerbotts.com

Lauri A. Kavulich
Ann E. Lemmo
CLARK HILL PLC
2005 Market St, Suite 1000
Philadelphia, PA 19103
Tel: (215) 640-8500
Fax: (215) 640-8501
lkavulich@clarkhill.com
alemmo@clarkhill.com

Lindsay S. Fouse
CLARK HILL PLC
301 Grant St, 14th Floor
Pittsburgh, PA 15219
Tel: (412) 394-7711
Fax: (412) 394-2555
lfouse@clarkhill.com

*Counsel for Defendant Sun Pharmaceutical Industries, Inc.*

*/s/ Robert J. Cleary*

Robert J. Cleary
Dietrich L. Snell
David A. Munkittrick
Edward Canter
PROSKAUER ROSE LLP
11 Times Square
New York, NY 10036
Tel: (212) 969-3000
rjcleary@proskauer.com
dsnell@proskauer.com
dmunkittrick@proskauer.com
ecanter@proskauer.com

*Counsel for Defendant Rajiv Malik*

*/s/ Michael Martinez*
Michael E. Martinez
Steven M. Kowal
Lauren N. Donahue
Brian J. Smith
K&L GATES LLP
70 W. Madison St., Suite 3100
Chicago, IL 60602
Tel: (312) 372-1121
Fax: (312) 827-8000
michael.martinez@klgates.com
steven.kowal@klgates.com
lauren.donahue@klgates.com
brian.j.smith@klgates.com

*Counsel for Defendant Mayne Pharma Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify on this 13th day of June 2019, a true and correct copy of the foregoing was filed electronically and is available for viewing and downloading from the Court's ECF System. Notice of this filing will be sent to all counsel of record by operation of the ECF System.

*/s/ Benjamin F. Holt*
Benjamin F. Holt