IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | * | MDL No. 2724 |
| | * | 16-MD-2724 |
| THIS DOCUMENT RELATES TO | * | |
| *STATE AG ACTIONS* | | HON. CYNTHIA M. RUFE |
| | * | Civil Action No.: 17-cv-3768-CMR |

\* \* \* \* \* \* \* \* \* \* \* \*

**STATES' SUR-REPLY TO DEFENDANTS' RESPONSE IN FURTHER SUPPORT OF THEIR NOTICE OF SUPPLEMENTAL AUTHORITY**

The States file this sur-reply to Defendants' Response in Further Support of Their Notice of Supplemental Authority (Response) to address three flawed arguments Defendants raise. First, Defendants' Response claims that *AMG's* central holding is that "a statute permitting a plaintiff to obtain an 'injunction' does not give the plaintiff the right to obtain an award of equitable monetary relief." Response at 2. Defendants are incorrect. While *AMG* states that "[a]n 'injunction' *is not the same as* an award of equitable monetary relief" the Court goes on to say that it has "however, sometimes interpreted similar language as authorizing judges to order equitable monetary relief." *AMG Capital Management, LLC v. Federal Trade Commission*, 141 S. Ct. 1341, 1347 (2021) (emphasis added). The full context of the Court's quoted language is crucial to an understanding of what *AMG* held, and more importantly, what it did not hold. *AMG* in fact does not hold that a statute permitting a plaintiff to obtain an injunction denies the plaintiff the right to obtain equitable monetary relief, because as the Court clearly notes, it has interpreted statutes permitting injunction, like Section 16 of the Clayton Act, to authorize equitable monetary relief.

Second, the Defendants claim *AMG* acknowledges that the language in the statutes interpreted in *Porter*[1] and *Mitchell*[2] were "substantially broader than Section 16 of the Clayton Act or Section 13(b) of the FTC[3]" and thus somehow the *Porter* and *Mitchell* precedents are inapplicable.  Response at 3.  Defendants again misconstrue what *AMG* says.  *Porter* interprets a statutory provision that authorizes a court to "*issue a permanent or temporary injunction, restraining order, or other order*" and *Mitchell* interprets a provision that authorizes courts to "*restrain violations*."  *Id*. at 1350 (emphasis added).  Section 16 of the Clayton Act provides that "[a]ny person…shall be entitled to sue for and have injunctive relief…against threatened loss or damage...under the same conditions…granted by *courts of equity*…." 15 U.S.C. § 26 (emphasis added).  The language of all three statutes is substantially similar and an argument as to the broadness or narrowness of the statutory language misses the point—courts sitting in equity retain all inherent authority to award any equitable remedy that is not expressly taken away by Congress.  *Mehrig v. KFC Western, Inc.,* 516 U.S. 479, 487 (1996).  Further, Section 16, by its plain language, invokes the court's equitable jurisdiction along with its authority to provide a full array of remedies.  Defendants' suggestion that because *Porter* and *Mitchell* are more than 50 years old, they should not be given the full weight of precedential authority, Response at 2, misapprehends how *stare decisis* works.  The Court in *AMG* discussed *Porter* and *Mitchell* at length and did not question their precedential vitality and despite their age, *Porter* and *Mitchell* are still good law.

Last, Defendants argue that the Clayton Act's "text and statutory scheme" limit permissible equitable remedies for the States because the Clayton Act places "monetary

---

[1] *Porter v. Warner Holding Co*., 328 U.S. 395 (1946).
[2] *Mitchell v. Robert DeMario Jewelry*, Inc., 361 U.S. 288 (1960).
[3] The States do not sue under Section 13(b) and do not discuss that statute here.

compensation for past harm under Section 4 of the Clayton Act" instead of under Section 16. Response at 3.  Despite Defendants protestations to the contrary, it is not true that the States' claims for monetary relief are limited to damages provided by Section 4.  Equitable monetary relief under Section 16 is *different from* damages under Section 4.  *See Porter v. Warner Holding Co.*, 326 U.S. at 402 ("[equitable monetary relief]… *differs greatly from damages….*") (emphasis added); *see also, In re Generic Pharm. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 850 (E.D. Pa. 2019) ("the very nature of [unjust enrichment] claims requires a focus on the gains of the defendants, not the losses of the plaintiffs" (*e.g.* damages)) (citation omitted).  Indeed, the statute evaluated in *Porter* also had a damages provision.  *See Porter v. Warner Holding Co.*, 326 U.S. at 401-403.  The *Porter* Court authorized equitable monetary relief and did not declare, as the Defendants urge here, that monetary relief is available only by way of a claim for damages.

For the reasons stated above and in the States' Response to Defendants' Notice of Supplemental Authority in Support of Defendants' Joint Motion to Dismiss Plaintiffs' Federal and State Law Claims, Dkt. 237, the analysis in *AMG* regarding Section 13(b) of the FTC Act is inapplicable to the States' claims for equitable monetary relief in this case.

                                      Respectfully submitted,

*/s/ Schonette J. Walker*                               */s/W. Joseph Nielsen*
SCHONETTE J. WALKER                      W. Joseph Nielsen
GARY HONICK                                          Assistant Attorney General
Assistant Attorneys General                  165 Capitol Avenue
200 Saint Paul Place, 19th Floor            P.O. Box 120
Baltimore, Maryland 21202                   Hartford, CT 06141-0120
swalker@oag.state.md.us                     Tel:  (860)808-5040
ghonick@oag.state.md.us                      Fax:  (860)808-5391
(410) 576-6470                                             Joseph.Nielsen@ct.gov

                                                        Liaison Counsel for the States